Argued December 3, 1958, affirmed April 15, 1959

# SCHRADER *v.* VEATCH ET AL

337 P. 2d 814

*Roscoe C. Nelson,* Portland, argued the cause and filed a brief for appellant.

*Lloyd C. Hammel,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY,* Chief Justice, and ROSSMAN, LUSK, WARNER, MCALLISTER,** and SLOAN, Justices.

PERRY, J.

The plaintiff commenced this action to recover moneys he claimed to be due him under and by virtue of a contract entered into between himself and John C. Veatch, Robert L. Jones and O. H. Hinsdale, as commissioners of the Oregon State Fish Commission.

The contract was entered into for the purpose of erecting the Bonneville Fish Hatchery located in Multnomah County. The contract when fully completed in accordance with the plans and specifications apparently called for a payment to the plaintiff of

---

\* Chief Justice when case argued.
\*\* Chief Justice when this decision was rendered.

$229,850. Plaintiff was paid only $195,390, hence this action.

The defendants demurred to plaintiff's complaint and the demurrer having been sustained by the trial court, the plaintiff appeals.

The defendants demurred upon the ground that the action is in fact against the state and not against them as individuals and the state not consenting to be sued, the action cannot be maintained.

The plaintiff admits the state has not consented to be sued, but contends that this is not in fact a suit against the state, but is against the commissioners; that the state has consented to the commissioners being sued when acting within their official capacity, and, if the state believes the commissioners acted within the scope of their authority, the state should ameliorate their plight by reimbursing them for their loss. Plaintiff grounds his argument upon the following:

> "An action may be maintained by or against any public officer in this state in his official character, when, as to such cause of action, the officer does not represent any of the public corporations mentioned in ORS 30.310, for any of the causes specified in such section and ORS 30.320. If judgment is given against the officer in such action, it may be enforced against him personally, and the amount thereof shall be allowed to him in his official accounts." ORS 30.400.

■ Immunity from suit is a sovereign right and statutes which are claimed to be in derogation of rights of sovereignty are to be strictly construed. *Engle v. State Land Board,* 164 Or 109, 99 P2d 1018; *Federal Land Bank v. Schermerhorn,* 155 Or 533, 64 P2d 1337; 3 Sutherland Statutory Construction, 3rd ed, Horack

183, § 6301; Statutory Construction, Crawford, p 477, § 244.

■ This statute (ORS 30.400) speaks in a mandatory manner, stating that if recovery is had against the officer "the amount thereof shall be allowed to him in his official accounts." It, therefore, refers only to a recovery in actions for liabilities created within the official scope of the officer for which the state has consented to be bound. Nowhere therein do we find words from which it can be said there is a clear legislative intent to permit generally a suit or action against an officer to be a binding obligation upon the state in the absence of the state's consent. It would be an anomaly to permit a personal judgment to be had and enforced solely against an officer of the state for carrying out the duties imposed upon him by statute.

This is purely a procedural statute setting forth the nominal party to the suit when no such provision has been made in a statute permitting suit to be brought against the state. We think this view is borne out by the fact that this statute has never been interpreted to permit suits or actions generally against the state in the absence of an express waiver of sovereign immunity or unless in conflict with a constitutional limitation placed upon the sovereign power. *Tomasek v. Oregon Highway Com'n,* 196 Or 120, 248 P2d 703, and cases cited therein; *United Contracting Company v. Duby,* 134 Or 1, 292 P 309; also, see Vol XI Oregon Law Review, Feb. 1932, No. 2, Tort Liability of Municipalities.

■ There can be no question but that the action is against the state. The purpose of entering into the particular contract was to carry out a duty imposed

upon the commission as an arm of the state. ORS 506.155.

■ "The Fish Commission is a mere agency of the state in the nature of a quasi-public corporation created by legislative enactment with certain delegated powers." *Mohler et ux v. Fish Commission,* 129 Or 302, 305, 276 P 691.

The contract having been entered into under authority of the state, ORS 506.315, the obligation created thereby is the obligation of the state and any judgment recovered would in fact be a judgment against the state.

■ Where, in fact, the judgment would be against the state, the courts look through the nominal parties to the record and ascertain the real party in interest, and, if the state has not consented to the action, no relief will be granted. *Salem Mills Co. v. Lord,* 42 Or 82, 69 P 1033, 70 P 832. See 49 Am Jur 304, 306, States, Territories and Dependencies, §§ 92 and 93.

■ The plaintiff states that the doctrine of sovereign immunity is wrong and that the state should be bound on its contracts to the same extent as individuals. We agree that the state should be as honorable in meeting the financial obligations of its contracts as is expected and enforced among private contractors, but whether or not the principles of governmental immunity from suit and liability can best serve this and succeeding generations of this state is a matter of public policy which must be left to legislative determination.

The judgment of the trial court is affirmed.