## IN THE OREGON TAX COURT

Julia D. RAGSDALE
*v.*
DEPARTMENT OF REVENUE
(TC 2958)

Russell A. Sandor, Wetzel & DeFrang, Portland, represented plaintiff.

Elizabeth Stockdale, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Motion For Summary Judgment granted November 7, 1990.

## CARL N. BYERS, JUDGE.

This matter is before the court on cross-motions for summary judgment. Although there is a dispute over the interpretation of a stipulation of facts, there is no dispute as to any material fact. This case, however, involves significant legal issues.

*Facts*

■ Plaintiff is now and was a resident of Oregon during the years 1970 through 1988. During those years, she received federal pensions which were included in her Oregon taxable income. On March 28, 1989, the United States Supreme Court announced its decision in *Davis v. Michigan Dept. of Treasury,* 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989). That case held that Michigan's income tax laws unconstitutionally discriminated in taxing pension benefits of state and local government employees differently from federal employee pensions. In April 1989, plaintiff filed amended income tax returns in Oregon for the years 1970 through 1988, claiming refunds for each year. The amounts of the claimed refunds are based on excluding plaintiff's federal pensions from her Oregon taxable income. Defendant denied the refund claims and plaintiff appealed.

*Issues*

Plaintiff's claim presents a number of legal issues. Questions of federal constitutional law intertwine with interpretations of state refund statutes. The court will rule on the motions after answering the following questions:

1. Has defendant stipulated that plaintiff's pensions were exempt from income taxation?

2. Does Oregon's statutes, exempting state pensions and taxing federal pensions, come within the *Davis* holding?

3. If *Davis* applies to Oregon, does it apply retroactively to the years 1970-1988?

4. Is plaintiff entitled to any refunds under state statutes?

## The Stipulation

Plaintiff claims that defendant has stipulated that her pensions were "exempt." Plaintiff relies on a stipulation of facts entered into at the administrative hearing. The stipulation is in defendant's opinion and order and as such adopted in defendant's answer by reference. That part of the stipulation in question reads:

> "6. Each Form 40X requests a refund due to the decrease in income which results from the exclusion of income from the two exempt federal pensions. Mrs. Ragsdale relies on the U.S. Supreme Court's recent decision in *Davis v. Michigan Dept. of Treasury,* 489 U.S. 803, 109 S Ct 1500, 103 L.Ed. 2d 891, 63 AFTR 2d 1174 (1989), in support of her requests for refund." (Opinion and Order No. 89-2517, at 2.)

The court cannot accept plaintiff's view of this stipulation. As defendant points out, it is a stipulation of fact as to the reason for the claimed refunds. It is not a stipulation that the pensions were exempt. That would be a stipulation of law, not fact. Stipulations of law affecting the public are not binding on the court. It is the province of the court to determine the law. *Macklin v. Kaiser Co.,* 69 F Supp 137 (1946). Also, plaintiff reads more into the stipulation than proper. *Johnson v. Northwest Acceptance,* 259 Or 1, 485 P2d 12 (1971). The court finds that defendant did not stipulate plaintiff's pensions were exempt.

## The Davis Holding

The easiest question presented to the court is whether Oregon' income tax laws, exempting state pensions but taxing federal pensions, come within the *Davis* holding. It is hardly necessary for the court to examine in detail what everyone already knows. Even defendant concedes the point:

> "Defendant recognizes that Oregon's statutory scheme for taxing public pension benefits is not different from Michigan's in any material way."[1]

---

[1] Defendant also recognizes that *Davis* is binding on this court. However, in order to preserve its right of appeal, defendant contends that *Davis* was wrongly decided.

To avoid any doubt, the court finds that Oregon's tax provisions, which exempt pensions of state and local employees but tax pensions of federal employees, come within the *Davis* holding.

## Does Davis Apply Retroactively?

This is the most difficult of the questions to answer. At the outset, it is necessary to emphasize this is a federal question to be decided under federal law.

> "The determination whether a constitutional decision of this court is retroactive—that is, whether the decision applies to conduct or events that occurred before the date of the decision—is a matter of federal law." *American Trucking Assns. v. Smith,* 496 US ____, 110 S Ct 2323, 110 L Ed 2d 148, 159 (1990).

The Supreme Court did not expressly decide whether *Davis* was to be applied retroactively. Therefore, this court must make that decision.[2] In doing so, it must focus on the Supreme Court decisions which provide the principles and guiding precedents. It is irrelevant whether this court agrees with those decisions. Its duty is to correctly apply federal law.

If a new court decision does not apply retroactively to a case, that case continues to be controlled by the old rule of law. If the new rule applies, then the principles of due process take over.

> "Once a constitutional decision applies and renders a state tax invalid, due process, not equitable considerations, will generally dictate the scope of relief offered." *American Trucking Assns., Id.* at 170.

Whether a new decision of the Supreme Court applies retroactively is to be determined under the tests set forth in *Chevron Oil Co. v. Huson,* 404 US 97, 92 S Ct 349, 30 L Ed 2d 296 (1971). That case sets forth three tests to consider in determining whether a case is to be applied retroactively.

---

[2]   "In the civil arena, we have generally considered the question of retroactivity to be a separate problem, one that need not be resolved in the law-changing decision itself." *American Trucking Assns. v. Smith,* 496 US ____, 110 S Ct 2323, 110 L Ed 2d 148, 167 (1990).

*"New Principle"*

■       The first test is whether the court decision establishes a new principle:

> "[E]ither by overruling clear past precedent on which litigants may have relied, * * * or by deciding an issue of first impression whose resolution was not clearly foreshadowed * * *." *Id.* at 306.

We are fortunate to have a recent discussion of how this test is to be applied. In *American Trucking Assns. v. Smith,* the Supreme Court decided that its opinion in *American Trucking Assns. v. Scheiner,* 483 US 266, 107 S Ct 2829, 97 L Ed 2d 226 (1987), applies only prospectively. In *Scheiner,* the Supreme Court held that a highway use tax on trucks violated the commerce clause of the United States Constitution. The court did not, at that time, decide whether the case should be applied prospectively or retroactively. Thus, the appellants in *American Trucking Assns. v. Smith,* sought to have the *Scheiner* decision applied retroactively. This would result in refunds of the highway use taxes paid. In applying the "new principle" test, the Supreme Court held that *Scheiner* should not be applied retroactively. It found that it established a new principle of law by overruling prior precedent.

This court finds that *Davis v. Michigan* was a case of first impression whose resolution was not clearly foreshadowed. The Michigan tax scheme and like statutes in some fourteen other states had long been in effect. No cases or legislation foreshadowed the change in law effected by *Davis.* The court has reviewed *Davis* and other state court decisions dealing with the problem. It appears reasonable to conclude that all of the states were surprised by the Supreme Court's holding.[3]

This court finds that the first test or condition of *Chevron* is met. The *Davis* case established a new principle pertaining to intergovernmental immunity which was not clearly foreshadowed by prior decisions.

---

[3] The Supreme Court has considered "surprise" as an indication of whether the decision was foreshadowed. *McKesson v. Division of Alc. Bev.,* 496 US ____, 110 S Ct 2238, 110 L Ed 2d 17, 42 (1990).

■ The second test of *Chevron* is: Will retrospective operation further or retard operation of the rule involved? That is, will the doctrine of intergovernmental immunity be retarded or furthered by retroactively applying the decision in *Davis*? Again, the case of *American Trucking Assns. v. Smith* is instructive. There the Supreme Court held that tax refunds would not deter future commerce clause violations. The court pointed out that the purpose of the commerce clause is not to prevent legitimate state taxation. Since the tax was legitimate until the law was changed by the new decision, applying it retroactively would do nothing to further the law.

The same may be said here. The purpose of intergovernmental immunity is not to prevent legitimate state taxation. The Michigan income tax law in *Davis* was legitimate until the Supreme Court announced its new decision. Moreover, Oregon took steps immediately to correct the situation.

■ The third test of *Chevron* is a weighing of the equitable considerations. In determining whether to apply *Scheiner* retroactively, the Supreme Court indicated that it was not able to precisely determine the effect on the state of invalidating the tax. Nevertheless, it was "clear" that it would have "potentially disruptive consequence." *American Trucking Assns. v. Smith,* 496 US ___, 110 S Ct 2323, 110 L Ed 2d 148, 162 (1990).

When a state unlawfully extracts money in *clear* violation of the Constitution, the question of the burden of refunding the money is irrelevant.

> "But we think it unjust to impose this burden when the state relied on valid existing precedent in enacting and implementing its tax." *Id.* at 163.

Here, it is estimated that it would cost Oregon $143.5 million to grant refunds to federal retirees for the years 1985 through 1988. This undoubtedly could have "potentially disruptive consequences" for the state and its citizens. A factor also to consider in this case is the nature of the problem. That is, the Supreme Court held that there must be equality. This can be accomplished by refunding taxes paid on federal pensions *or* by collecting tax on the previously exempt state and

local pensions. Therefore, it is reasonable to let the state legislature determine which is the most appropriate solution.[4]

As indicated above, in determining whether *Davis* should apply to Oregon retroactively, this court is deciding a question of federal law. It must look to the Supreme Court opinions for guidance and comply with the standards set forth therein. After considering all of the factors as applied in *Chevron,* the court finds that the *Davis* case should *not* be applied retroactively. In making this decision, the court believes its perceptions are those considered by the United States Supreme Court.

> "When the Court concludes that a law-changing decision should not be applied retroactively, its decision is usually based on its perception that such application would have a harsh and disruptive effect on those who relied on prior law." *Id.* at 168.

Federal retirees, like plaintiff, may feel they have been unjustly imposed on for many years. Nevertheless, 45 years of history cannot be rewritten. In some instances, and this is one, it must be enough that the clearer vision of today will guide from now on.

■     In applying a case prospectively, the case of *American Trucking Assns. v. Smith* makes two points clear: (1) prospective application begins the day a court decision is announced, and (2) the new law applies to the imposition of the tax, not its collection. *American Trucking Assns. v. Smith, supra,* at 165.

The decision of the United States Supreme Court in *Davis v. Michigan* was announced on March 28, 1989. Therefore, the new law applies to the 1989 year. For 1989 and thereafter, the old tax scheme is unconstitutional. However, for 1988 and the years before, the tax scheme was not unconstitutional and taxes owing for those years may be collected.

> "[A] prospective decision of this Court that such taxes were unconstitutional would not preclude the State from collecting, *after* the date of that decision, taxes for highway use that occurred *before* the decision was announced." *American Trucking Assns. v. Smith,* 496 US ___, 110 S Ct 2323, 110 L Ed 2d 148, 165 (1990).

---

[4] It is noteworthy that the legislature determined to subject state pensions to taxation rather than exempt federal pensions. House Bill 3508, Or Laws 1989, ch 906.

Since plaintiff's claims relate to taxes for the years 1970 through 1988, the law announced in *Davis v. Michigan* does not apply to those years.

Plaintiff contends that the principles of due process demand she be allowed a refund. However, principles of due process enter in only if the conduct is in violation of the Constitution. If the constitutional decision does not apply to the conduct, then the prior constitutional understanding prevails.[5] Thus, only when the new law applies are the principles of due process applicable. *McKesson v. Division of Alc. Bev.*, 496 US ___, 110 S Ct 2238, 110 L Ed 2d 17 (1990).

*Refunds Under State Statutes*

The above findings dictate the answer to the statutory refund question. If *Davis* does not apply retroactively, Oregon's law in 1970-88 was not constitutionally deficient. Therefore, plaintiff would not be entitled to any refunds under ORS 305.270 and ORS 314.415. Plaintiff would be entitled to a refund under ORS 305.765, except that it does not apply to any year prior to the filing of the suit or action resulting in the law being held invalid. That year in this case is 1990.

In summary, the court finds that the *Davis* case applies to Oregon's income tax scheme only prospectively. Since that decision was rendered on March 28, 1989, it has no application to plaintiff's claims for the years 1970 through 1988. Accordingly, defendant is entitled to summary judgment. Now, therefore,

IT IS ORDERED that plaintiff's Motion For Summary Judgment is denied; and

IT IS FURTHER ORDERED that defendant's Motion For Summary Judgment is granted.

---

[5] As the Supreme Court has pointed out, the case of *Chevron Oil* "is better understood as part of the doctrine of stare decisis, rather than as part of the law of remedies." *American Trucking Assns. v. Smith*, 496 US ___, 110 S Ct 2323, 110 L Ed 2d 148, 171 (1990).