Argued and submitted January 10, judgment of tax court affirmed in part and reversed in part, decision of Department of Revenue affirmed in part and reversed in part and case remanded to Department of Revenue with instructions March 26, reconsideration denied May 26, 1992

Darwin K. ANDERSON
and Doris B. Anderson,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 3048; SC S38099)

828 P2d 1001

Darwin K. Anderson, Portland, argued the cause and filed the briefs *in propria persona* for appellants.

Rochelle Nedeau, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Dave Frohnmayer, Attorney General, Salem.

PETERSON, J.

## PETERSON, J.

Darwin K. and Doris B. Anderson (taxpayers) appeal a judgment of the Tax Court dismissing their complaint against the Department of Revenue (Department) for tax refunds for the years 1975 through 1989 and for other relief. Relying on *Davis v. Michigan Department of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), taxpayers contend that income taxes assessed by the Department on their federal retirement income were unconstitutional and that they are entitled to a refund of the state income taxes that they paid as a result of including their federal retirement income in their state taxable income for the tax years at issue.

*Davis v. Michigan Department of Treasury, supra,* was decided on March 26, 1989. By letter of April 14, 1989, taxpayers filed a claim for refund for tax years 1975 through 1987 and for 1989.[1] Taxpayers also made a refund claim for tax year 1988 on their 1988 return filed on the same date. The Department denied all claims for refund.[2]

Taxpayers filed a complaint in the Tax Court. They asserted these theories of recovery in the Tax Court: (1) money had and received and restitution under quasi-contract; (2) violation of their rights to equal protection and due process under the United States and Oregon Constitutions; (3) racketeering under civil remedy provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC §§ 1961-1968) and its Oregon counterpart, ORICO (ORS 166.715 to 166.735); (4) constructive trust, equitable recoupment, and setoff; and (5) declaratory relief under state and federal law. On February 1, 1991, the Department moved to dismiss taxpayers' complaint. On February 4, taxpayers moved for summary judgment and, on February 15, taxpayers moved for a default against the Department for not filing a timely response to their complaint.

On the basis of its decision in *Ragsdale v. Dept. of Rev.*, 11 OTR 440 (1990), *aff'd in part, rev'd in part*, 312 Or

---

[1] Although taxpayers' initial letter sought a refund for 1989, at the time of the letter, no tax or return was yet due for 1989. It appears that taxpayers were seeking a refund of estimated tax payments for 1989.

[2] The procedural history of this case is complicated and will not be set forth other than as necessary to understand the issues presented.

529, 823 P2d 971 (1992), the Tax Court dismissed the complaint with regard to tax years 1975 through 1988. In *Ragsdale*, the Tax Court had held that the decision of the Supreme Court of the United States in *Davis v. Michigan Department of Treasury, supra,* applied prospectively to taxes imposed in and after 1989 and that taxes collected on federal retirement income for tax years before 1989 were constitutional. *Ragsdale v. Dept. of Rev., supra,* 11 OTR at 446.

With regard to taxpayers' refund claims for tax year 1989, the Tax Court held that taxpayers' original refund claim in April 1989 was premature, because no return or tax was then due; that taxpayers were not entitled to seek a refund of any estimated tax paid for 1989 until a return for that year was filed; and that taxpayers had not exhausted their administrative remedies under ORS 305.275 with regard to their refund claim for 1989. The Tax Court denied taxpayers' motion for default and dismissed taxpayers' complaint without ruling on their motion for summary judgment. Taxpayers appealed to this court. ORS 305.445.

Our decision in *Ragsdale v. Dept. of Rev.,* 312 Or 529, 823 P2d 971 (1992), resolves some of the issues raised by taxpayers. There, this court held that, under *Davis v. Michigan Department of Treasury, supra,* Oregon's limited exemption of federal retirement income was unconstitutional in light of the complete exemption given to state retirement benefits. 312 Or at 532, 542. Further, this court held that ORS 305.765 to 305.785 mandated that the Department refund to the taxpayer therein "the excess tax paid by the taxpayer for tax year 1988, and a refund of any excess tax paid by the taxpayer for any tax years thereafter in which federal retirement income was included in her state taxable income at a time when, for the same tax year, state retirement income was completely exempt from state taxation." *Id.* at 542. Additionally, in *Ragsdale,* this court held that the taxpayer was not entitled to any refund for tax years before tax year 1988 because of the manner in which ORS 305.765 to 305.785 operated. 312 Or at 539-40. In concluding that ORS 305.765 to 305.785 precluded refunds for tax years before 1988, this court noted that those statutes operate like statutes of limitation and concluded that the short limitations period that they

created was reasonable and consistent with federal due process guarantees.[3] *Id.* at 538 n 9, 540-41.

■　　　Under *Ragsdale*, taxpayers herein are entitled to refunds of any excess tax that they paid for tax year 1988 and any tax years thereafter in which their federal retirement income was included in their state taxable income at a time when, for the same tax year, state retirement income was completely exempt from state taxation. To the extent that taxpayers' claims herein are based upon the theories of recovery asserted in *Ragsdale*, taxpayers are not entitled to any refund under Oregon's tax laws for any tax years before 1988.

　　　However, taxpayers in the case at bar have not merely sought refunds; they also have alleged other claims for relief that require further discussion. The validity of some or all of taxpayers' other claims turns on whether taxpayers may maintain these specific claims against the Department as a state entity.

■■　　Taxpayers' claims under federal law for violations of their civil rights are insufficient as a matter of law. Taxpayers' claim under the Fourteenth Amendment against the Department is governed by the remedial provisions and limitations of 42 USC § 1983, because the constitution does not recognize an implied right of action broader than the specific remedial legislation enacted by Congress. *See Jett v. Dallas Independent School District*, 491 US 701, 734-35, 109 S Ct 2702, 105 L Ed 2d 598 (1989) (rejecting attempt to imply remedy broader than § 1983 in action for violations of rights protected by 42 USC § 1981; rejecting implied right of action directly under the Fourteenth Amendment). Moreover, a claim against an agency of the state is a claim against the state, and the state is not a person under 42 USC § 1983. *Will v. Michigan Dept. of State Police*, 491 US 58, 64, 71, 109 S Ct 2304, 105 L Ed 2d 45 (1989) (only "person[s]" are liable

---

[3] In *Ragsdale v. Dept. of Rev.*, 312 Or 529, 534 & n 2, 823 P2d 971 (1992), this court declined to decide whether *Davis v. Michigan Department of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), applies retroactively to events antedating *Davis*, because this court concluded that ORS 305.765 to 305.785 require a measure of retroactivity even if, as a matter of federal law, *Davis* applies only prospectively. Further, this court held that, if *Davis* applies retroactively as a matter of federal law, the limitations on relief provided in ORS 305.765 to 305.785 are consistent with federal due process guarantees. *Ragsdale v. Dept. of Rev., supra*, 312 Or at 540-41.

under 42 USC § 1983). Therefore, taxpayers cannot maintain their claim for damages for violation of their federal constitutional rights against the Department.

 Taxpayers' claim under the federal RICO act, 18 USC §§ 1961 to 1968, also fails. Although Congress did not explicitly oust the state courts of jurisdiction to hear RICO claims, *Tafflin v. Levitt*, 493 US 455, 460, 467, 110 S Ct 792, 107 L Ed 2d 887 (1990), neither did Congress explicitly subject states to potential liability under RICO. *See* 18 USC §§ 1961 to 1968 (no indication that states may be liable for RICO violations). The absence of a clear statement by Congress that states are subject to the substantive liability provisions of a federal statute is a strong indication that Congress did not intend to override the states' common law immunity to suit. *See Will v. Michigan Dept. of State Police, supra*, 491 US at 66-67 (refusing to adopt an interpretation of § 1983 that disregarded Congress' failure to abrogate the states' Eleventh Amendment immunity). Further, because RICO damages are automatically trebled, 18 USC § 1964(c), and treble damages are punitive in nature, subjecting the states to liability under RICO would override their common law immunity to punitive damages. *See Genty v. Resolution Trust Corp.*, 937 F2d 899, 914 (3d Cir 1991) (municipality is not a person against whom a RICO action can be maintained, because Congress has not made clear an intent to override settled common law immunity to punitive damages).

Our conclusion that the states are not subject to liability under RICO is buttressed by the fact that liability under RICO is premised on the commission of the predicate criminal offenses, the *mens rea* for which the states are incapable of forming and which may not be imputed to states via *respondeat superior*. *See Lancaster Com. Hosp. v. Antelope Valley Hosp. D.*, 940 F2d 397, 404 (9th Cir 1991), *cert den* ____ US ____, 112 S Ct 1168, 117 L Ed 2d 414 (1992) (government entities are incapable of forming a malicious intent; application of *respondeat superior* would offend public policy by subjecting innocent taxpayers to liability for punitive damages for the acts of dishonest officials). Therefore, we conclude that taxpayers may not maintain their RICO claim against the state.

■ Taxpayers' claims against the Department under state law are subject to the defense of sovereign immunity. *See Hale v. Port of Portland*, 308 Or 508, 514-18, 783 P2d 506 (1989) (under Article IV, section 24, of the Oregon Constitution, the state is immune from suit except as it consents by general law); *Schrader v. Veatch*, 216 Or 105, 107-09, 337 P2d 814 (1959) (immunity from suit is a sovereign right subject to waiver only by legislative action);[4] *see also Hunter v. City of Eugene*, 309 Or 298, 302-04, 787 P2d 881 (1990) (there is no implied right of action for damages for a violation of Article I, section 8, of the Oregon Constitution; the court noted that "[t]here is no clear indication as to the state, for example, that the legislature or the people intended to waive sovereign immunity in the Oregon Tort Claims Act, ORS 30.260 *et seq*, to permit such implied private rights of action, and that waiver can *only* be accomplished by the legislature, not by this court"). The Department, as an instrumentality of the state, "is immune from suit to the same extent the state as such is immune." *Hale v. Port of Portland*, *supra*, 308 Or at 518.

■ We turn, then, to the statutes concerning waiver of immunity. To the extent that taxpayers' claims sound in tort, although ORS chapter 30 contains statutes that partially waive the state's immunity to tort claims, ORS 30.265(3) expressly retains immunity for tort claims based on unconstitutional taxation. ORS 30.265(3) provides in part:

"Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"* * * * *

"(b) Any claim in connection with the assessment and collection of taxes.

"* * * * *

"(f) Any claim arising out of an act done or omitted under apparent authority of a law, resolution, rule or regulation which is unconstitutional, invalid or inapplicable except to the extent that they would have been liable had the law,

---

[4] In *Schrader v. Veatch*, 216 Or 105, 337 P2d 814 (1959), the plaintiff sought contract damages against the state, but the state was held to be immune. In Oregon Laws 1959, chapter 614, section 1, the legislature amended ORS 30.320 to provide a waiver of the state's sovereign immunity to contract claims against state instrumentalities.

resolution, rule or regulation been constitutional, valid and applicable, unless such act was done or omitted in bad faith or with malice.''

On the other hand, tax refund statutes and ORS 305.275, 305.410, and 305.445 provide a limited waiver of the state's sovereign immunity to claims against the state arising under the revenue and tax laws by creating a procedure for administrative and judicial challenges to state taxation. This court's decision in *Ragsdale v. Dept. of Rev.*, *supra*, in effect, delineates the scope of the state's limited waiver of sovereign immunity for challenges to the validity of a state tax law in the Tax Court and the relief to which taxpayers are entitled on a determination of invalidity. Absent a constitutional waiver of sovereign immunity or a statutory waiver of sovereign immunity, such as in ORS 30.320, the Oregon Tort Claims Act (OTCA), and the provisions for pursuing tax disputes, the state is immune.[5]

With regard to taxpayers' claims for money had and received, restitution in quasi-contract, setoff, recoupment, and constructive trust, taxpayers point to no statute that waives the state's sovereign immunity to such claims. In any event, those claims merely seek a refund of taxes paid under an unconstitutional scheme, for which the remedies provided in the tax refund statutes are constitutionally sufficient and exclusive. *Ragsdale v. Dept. of Rev.*, *supra*.

With regard to taxpayers' state constitutional claims, to the extent that those claims are assertable as tort claims and that taxpayers are seeking relief beyond tax refunds and a declaration of no tax liability, those claims are within the exceptions contained in ORS 30.265(3). Thus, even if those constitutional claims otherwise would be within the OTCA, the state explicitly has retained its immunity to them. Moreover, taxpayers' claims for damages based only on state constitutional violations do not state a cognizable claim for relief. *See Hunter v. City of Eugene*, *supra*, 309 Or at 303-04 (discussed *ante*).

As for taxpayers' ORICO claims, taxpayers point to nothing in ORS 166.715 to 166.735 that suggests that the

---

[5] Such immunity may be limited by the requirements of federal due process guarantees.

state is subject to ORICO's liability provisions or otherwise has waived its sovereign immunity to such claims. To the extent a civil ORICO claim may be characterized as a tort claim, as noted above, the state expressly has retained its sovereign immunity in the OTCA to tort claims based on unconstitutional taxation.

Finally, taxpayers' contention that the Tax Court erred in denying their motion for default is unpersuasive. Taxpayers were not entitled to an order of default, because the Department was not in default at the time taxpayers moved for an order of default. In fact, the Department's motion to dismiss was pending when taxpayers filed their motion.

The judgment of the Tax Court is affirmed in part and reversed in part. The decision of the Department of Revenue is affirmed in part and reversed in part, and this case is remanded to the Department with instructions to provide a refund of the excess tax paid by taxpayers for tax year 1988, and a refund of any excess tax paid by taxpayers for any tax years thereafter in which federal retirement income was included in their state taxable income at a time when, for the same tax year, state retirement income was completely exempt from state taxation.