Argued and submitted January 8, on the petition to review the constitutional validity of Oregon Laws 1991, chapter 823: petitioners' claims under Article IX, section 9, of the Oregon Constitution and under various state and federal statutes are dismissed August 6; the remainder of petitioners' claims are answered by *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992), reconsideration denied September 29, 1992

Darwin K. ANDERSON
and Doris B. Anderson,
*Petitioners,*

*v.*

STATE OF OREGON,
Barbara Roberts, Governor of
the State of Oregon,
Oregon Department of Revenue,
Richard Munn, Director, David Frohnmayer,
Attorney General of the State of Oregon,
*Respondents.*

(SC S38702)

838 P2d 1059

Darwin K. Anderson, Portland, argued the cause and filed the brief for petitioners.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Rives Kistler, Assistant Attorney General, Salem.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This case is a companion to *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992). Pursuant to Oregon Laws 1991, chapter 796, section 15, petitioners[1] challenge the legal validity of Oregon Laws 1991, chapter 823. In part, chapter 823 subjects benefits paid under the Public Employes' Retirement System (PERS), ORS 237.001 to 237.315, to state income taxation.

Petitioners argue that Oregon Laws 1991, chapter 823, violates the Contract Clauses of the state and federal constitutions, Article I, section 21, of the Oregon Constitution,[2] and Article I, section 10, clause 1, of the United States Constitution.[3] They also argue that that law violates the Just Compensation Clauses of the state and federal constitutions, Article I, section 18, of the Oregon Constitution,[4] and the Fifth and Fourteenth Amendments to the United States Constitution.[5] All of those arguments are answered by our decision in *Hughes v. State of Oregon, supra.*

---

[1] Petitioners are a retired federal employee, who receives a federal pension, and his wife, who has a survivorship interest in her husband's federal pension benefits. Respondents concede that petitioners have standing in this proceeding under Oregon Laws 1991, chapter 796, section 15, and, after considering the issue, we also conclude that they do.

[2] Article I, section 21, of the Oregon Constitution, provides in part:

"No * * * law impairing the obligations of contracts shall ever be passed * * *."

[3] Article I, section 10, clause 1, of the *Constitution of the United States*, provides in part:

"No State shall * * * pass any * * * Law impairing the Obligation of Contracts * * *."

[4] Article I, section 18, of the Oregon Constitution, provides in part:

"Private property shall not be taken for public use * * * without just compensation; nor except in the case of the state, without such compensation first assessed and tendered * * *."

[5] The Fifth Amendment to the Constitution of the United States, provides in part:

"No person shall * * * deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

The Just Compensation Clause of the Fifth Amendment is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Williamson Planning Comm'n v. Hamilton Bank*, 473 US 172, 175 n 1, 105 S Ct 3108, 87 L Ed 2d 126 (1985) (citing *Chicago, B. & Q. R. Co. v. Chicago*, 166 US 226, 241, 17 S Ct 581, 41 L Ed 979 (1897)).

Petitioners next argue that Oregon Laws 1991, chapter 823, violates Article IX, section 9, of the Oregon Constitution.[6] They argue that they are required to pay income tax on their federal social security benefits, for the first time, under Oregon Laws 1991, chapter 823, in violation of Article IX, section 9.

Our jurisdiction in this case is limited to considering "whether the taxation of retirement benefits received by *retired members of the Public Employes' Retirement System and other retirement systems established by this state or political subdivisions of this state* is in violation of any constitutional provision." Or Laws 1991, ch 796, § 15(1) (emphasis added). Petitioners are not retired members of the Public Employes' Retirement System and other retirement systems established by this state or political subdivisions of this state. They do not have an interest in any retirement system of this state or of any of the political subdivisions of this state. Petitioners' only assertion is that the tax on *their* social security benefits is unconstitutional under Article IX, section 9, not that the taxation of the social security benefits of "retired members of the Public Employes' Retirement System and other retirement systems established by this state or political subdivisions of this state" is in violation of that state constitutional provision. Thus, assuming for the sake of argument that social security benefits are "retirement benefits," as that term is used in Oregon Laws 1991, chapter 796, section 15(1), petitioners' argument under Article IX, section 9, of the Oregon Constitution, is beyond the scope of our jurisdiction in this case, as conferred by Oregon Laws 1991, chapter 796, section 15(1). Therefore, we do not consider that argument.

In addition to their state and federal constitutional claims, petitioners argue that Oregon Laws 1991, chapter 823, violates several Oregon and federal *statutes*. Again, our

---

[6] Article IX, section 9, of the Oregon Constitution, provides in part:

"Benefits payable under the federal old age and survivors insurance program * * * as amended, or their successors, shall not be considered income for the purposes of any tax levied by the state or by a local government in this state. Such benefits shall not be used in computing the tax liability of any person under such tax."

jurisdiction in this unique statutory proceeding does not extend to such claims. Or Laws 1991, ch 796, § 15(1).[7]

On the petition to review the constitutional validity of Oregon Laws 1991, chapter 823: petitioners' claims under Article IX, section 9, of the Oregon Constitution, and under various state and federal statutes are dismissed; the remainder of petitioners' claims are answered by *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992).

---

[7] Many of petitioners' statutory claims are resolved by *Anderson v. Dept. of Rev.*, 313 Or 1, 828 P2d 1001 (1992), another case in which these same petitioners are parties.