**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNA E. N. BOLDT, | No. 07-35869 |
| Plaintiff - Appellant, | D.C. No. CV-07-00008 |
| v. | |
| HARDY MYERS, in his official capacity as Attorney General of the Oregon Department of Justice; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Erna E. N. Boldt appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging that defendants failed to investigate her allegations of elder abuse in violation of federal and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 n.4 (9th Cir.), *cert. denied*, 129 S. Ct. 258 (2008); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed Boldt's claims against the Oregon Attorney General because he was entitled to immunity under the Eleventh Amendment. *See Seven Up Pete Venture*, 523 F.3d at 952-53.

The district court properly dismissed Boldt's section 1983 claims for failure to state a claim. The Due Process Clause of the Fourteenth Amendment does not entitle Boldt to an investigation of her allegations of elder abuse. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 764-66 (2005). Boldt fails to state a Fourteenth Amendment equal protection claim because even assuming defendants decided not to investigate her allegations fully based on her non-indigent status, they had a rational basis to do so. *See Rodriguez v. Cook*, 169 F.3d 1176, 1179-80 (9th Cir. 1999) (financial status not a suspect class).

07-35869

In addition, the district court properly dismissed Boldt's claims under the Oregon Constitution, *see Hunter v. City of Eugene*, 787 P.2d 881, 883-84 (Or. 1990), and under Oregon statutes, *see* Or. Rev. Stat. §§ 124.105, 124.110.

To the extent Boldt seeks to reverse the Oregon state court judgment against her, the district court properly determined that it lacked jurisdiction under the *Rooker-Feldman* doctrine. *See Carmona v. Carmona,* 544 F.3d 988, 995 (9th Cir. 2008).

We do not consider Boldt's contentions raised for the first time on appeal or not supported by argument. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

Boldt's remaining contentions are unpersuasive.

**AFFIRMED.**