**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES ARTHUR ROSS,

        Plaintiff-Appellant,

v.

JOHN MYRICK; et al.,

        Defendants-Appellees.

No.   19-35435

D.C. No. 2:18-cv-00046-YY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted August 4, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

    James Ross, a pro se litigant, appeals the district court's grant of summary

judgment in favor of prison officials on his federal and state law claims related to

the taking of funds from his inmate trust account to repay a state court filing fee.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ross also appeals his dismissal with prejudice and the denial of his request for appointment of counsel and motion to certify a class. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We review the district court's grant of qualified immunity de novo. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). Officials acting under the color of state law are entitled to qualified immunity unless the plaintiff has shown (1) a constitutional violation and (2) that the right was clearly established at the time of the alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

The district court properly granted qualified immunity on all of Ross's federal claims. An inmate has a diminished Fourth Amendment interest in the seizure and conversion of his property. *See Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989). Additionally, the drawing of a prisoner's money for a legitimate expense does not violate the Eight Amendment because it is not a "punishment," *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994), nor does it violate the Thirteenth Amendment. Ross did not show a constitutional violation on these claims, so qualified immunity was proper. *See Pearson*, 555 U.S. at 232. On Ross's Fourteenth Amendment claim, Oregon law allows for the withdrawal of funds from a prisoner's trust account to pay filing fees, *see* Or. Rev. Stat.

§ 138.590(8)(b), but the statute is ambiguous as to the frequency and amount that may be withdrawn. Thus, the district court properly granted the defendants qualified immunity on this claim because the right was not clearly established. *See Pearson*, 555 U.S. at 232.

2. We review the district court's grant of summary judgment on Ross's state law claims de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). Summary judgment for the defendants was proper because Oregon law allows funds to be taken from an inmate's trust account to pay court filing fees. *Compare* Or. Admin. R. 291-158-0010(22)(e) (exempting from collection for court-ordered filing fees any "moneys paid as compensation to an inmate in a prison work program) *with* Or. Rev. Stat. § 423.105(c) (omitting court filing fees from the definition of "court-ordered financial obligation"); *see also* Or. Rev. Stat. § 138.590(8)(b) (providing that fees "may be drawn from, or charged against, the petitioner's trust account").

The district court also properly granted summary judgment for defendants on Ross's claims under the Oregon Constitution, which does not afford plaintiffs a right to damages for constitutional violations, *see Hunter v. City of Eugene*, 787 P.2d 881, 884 (Or. 1990), unless such claims are actionable under the Oregon Tort

Claims Act. Ross did not plead any claims under the Act, and we agree with the district court that even if he had plead such claims, they lack merit.

3. We review a district court's decision to dismiss with prejudice for abuse of discretion. *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012). The district court did not abuse its discretion when it dismissed Ross's claims with prejudice because it considered the merits of Ross's state law claims. *Cf. Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

4. We review the decision to deny Ross's request for appointment of counsel for abuse of discretion. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). Here, Ross did not show he was likely to succeed on the merits of his claims, and the claims Ross alleged are not so complex that he could not articulate them. *Cf. Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Thus, the district court did not abuse its discretion in refusing Ross's request for counsel.

5. We review the district court's denial of class certification for abuse of discretion. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011). The district court did not abuse its discretion in denying Ross's motion for class certification because "[a] litigant appearing in propria persona has no authority to

represent anyone other than himself," *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962), and Fed. R. Civ. P. 23(a)(4) mandates that a class representative be able to fairly and adequately protect the interests of the class.

**AFFIRMED.**