**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JUAN MANUEL REYES, | No. 23-35106 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-01159-YY |
| v. | |
| CITY OF HILLSBORO, OR; WASHINGTON COUNTY SHERIFF; WASHINGTON COUNTY OREGON, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted February 18, 2025**

Before: SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Oregon state prisoner Juan Manuel Reyes appeals pro se from the district

court's judgment dismissing his action brought under 42 U.S.C. § 1983, the

Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arising out of his detention and bail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal under the applicable statute of limitations). We affirm.

The district court properly dismissed Reyes's action as time-barred because Reyes failed to file this action within the applicable statutes of limitations. *See* Or. Rev. Stat. § 12.110(1) (providing a two-year statute of limitations for personal injury claims); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (statute of limitations for § 1983 claim is the state law statute of limitations for personal injury claims); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (for ADA claims, courts apply the statute of limitations for the most analogous state law); *Douglas v. Cal. Dep't of Youth Auth.,* 271 F.3d 812, 823 n.11 (9th Cir. 2001) (same for Rehabilitation Act claims). Reyes contends that his claims did not accrue until he "discovered" the alleged constitutional and statutory violations, but Reyes concedes that federal law determines when his claims accrued, and under federal law, Reyes's claims accrued at the time of his injuries. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (under federal law, "[a] claim accrues when the plaintiff knows or has reason to

23-35106

know of the injury which is the basis of the action" (citations and internal quotation marks omitted)).

Contrary to Reyes's contention that he stated a claim for excessive bail in violation of the Oregon Constitution, Article I, § 16, no private right of action exists for violations of the Oregon Constitution and Reyes did not plead a claim under the Oregon Tort Claims Act. *See Hunter v. Eugene*, 787 P.2d 881, 884 (Or. 1990) (no private right of action for damages exists for violations of the Oregon Constitution).

**AFFIRMED.**