400 So.2d 1089 (1981)
Melissa ALESSI
v.
ALLSTATE INSURANCE CO.
Burnell T. ALESSI
v.
ALLSTATE INSURANCE CO.
Joseph C. ALESSI et al.
v.
STATE of Louisiana THROUGH the DEPARTMENT OF PUBLIC SAFETY.
Nos. 13817 to 13819.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*1090 Stephen Sledge, Hammond, for Burnell T. Alessi.
Michael Cavanaugh, Baton Rouge, for Melissa Alessi.
Christopher E. Lawler, New Orleans, for Allstate Ins. Co.
Brett L. Grayson and Teddy W. Airhart, Jr., Baton Rouge, for Joseph C. Alessi, et al.
John D. Koch, Baton Rouge, for Donald Willson and the State of Louisiana.
Foye Lowe, Jr., Baton Rouge, for Dept. of Public Safety.
Before ELLIS, COLE and WATKINS, JJ.
ELLIS, Judge.
These three consolidated cases arise out of an automobile accident in which Gene J. Alessi was killed when a truck he was driving, belonging to Dr. Charles Genovese, struck an automobile operated by Margaret M. Young, an uninsured motorist.
Suit No. 13,817 was filed by Melissa W. Alessi, widow and second wife of Gene J. Alessi, and Brandon Clark Alessi, child of the second marriage. Suit No. 13,818 was brought by Burnell T. Alessi, one of the children of Mr. Alessi's first marriage. Both of these suits were brought against Allstate Insurance Company, Dr. Genovese's uninsured motorist insurer.
The third suit, No. 13,819, was brought by the decedent's divorced first wife and the remaining children of the first marriage against Allstate and the State of Louisiana, through the Department of Public Safety. In all three cases, Allstate third partied Margaret M. Young, the State, through the Department of Public Safety, John Causey, Michael Souter, and Donald Willson.
The State filed a peremptory exception of no cause of action to the petition in case No. 13,819; and peremptory exceptions of no right of action and no cause of action to the third party demands in all three suits. After hearing, the exceptions of no cause of action were maintained, and all claims against the State were dismissed. From the judgment of dismissal, only the plaintiffs in case No. 13,819 have appealed, so that the judgments in the other two cases are now final.
The exception of no cause of action filed by the State asserts that the allegations of the petition fail to set forth any act by the State causing damage to plaintiffs. The allegations of negligence on the part of the State are to the effect that the State issued a driver's license to Margaret M. Young when it knew, or should have known, that *1091 she was mentally incompetent to operate a motor vehicle, since she allegedly failed both the written and driving examinations on three occasions in 1976.
Under R.S. 32:408.A., the Department of Public Safety, before issuing a driver's license, must require that all applicants pass an examination, which "shall include a test of the applicant's eyesight, his ability to understand highway signs regulating, warning, and directing traffic, his knowledge of traffic regulations of this state, and shall include an actual demonstration of ability to exercise ordinary and reasonable control in the operation of that particular type of vehicle for which the applicant is applying for a license to operate."
R.S. 36:401.B. provides as follows:
"The Department of Public Safety, through its offices and officers, shall have authority generally for the security and physical safety of the citizens and property of Louisiana, the enforcement of laws and regulations pertaining to criminal conduct, automobile and highway safety, motor vehicles and drivers, alcoholic beverage control, fire protection, and the administration of emergency preparedness."
In deciding an exception of no cause of action, all well pleaded allegations of fact in the petition are taken as true. In Haskins v. Clary, 346 So.2d 193 (La.1977), the court said:
"The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3d Cir. 1965). Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action. Brunson v. Mutual Life Ins. Co. of N. Y., 189 La. 743, 180 So. 506 (1938); Goldsmith v. Virgin, 122 La. 831, 48 So. 279 (1909)."
We think it clear that plaintiff has alleged a cause of action against the State. It is set forth that the State violated a duty imposed on it by law, and that, as a result, plaintiffs were damaged. We do not hold that the State will be liable for injuries inflicted by every person negligently licensed to drive, or that the State will necessarily be liable in this case. However, there are circumstances which fall within the allegations of the petition, evidence of which would be admissible under the pleadings, under which the State would be liable.
The judgment appealed from is therefore reversed, as to the plaintiffs in case No. 13,819 only; the exception of no cause of action as to them is overruled, and the case remanded to the trial court for further proceedings, according to law. The State is granted 15 days from the date on which this judgment becomes final to answer plaintiffs' petition. All costs of this appeal shall be paid by the State, and all other costs shall await final determination hereof on its merits.
REVERSED AND REMANDED.