DEBORAH A. SEIBRING, as Adm'r of the Estate of Rodney Seibring, Deceased, *et al.*, Plaintiffs-Appellants, v. PARCELL'S INCORPORATED, Defendant-Appellee (Thomas Borbeli, d/b/a The Paxton Bowl, *et al.*, Defendants).

Fourth District    No. 4—86—0447

Opinion filed January 29, 1987.

Paul R. Wilson, Jr., of Rantoul, for appellants.

Robert P. Moore and William Michael LeCrone, both of Law Offices of Robert P. Moore, P.C., of Champaign, for appellee.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

On July 22, 1985, plaintiffs Deborah A. Seibring (Deborah) and Jennifer Seibring (Jennifer) filed a dramshop action against Parcell's Incorporated (Parcell's), among other defendants. Their complaint alleged that the decedent became intoxicated and was involved in a fatal traffic accident as a result of being served alcohol at a drinking establishment owned by Parcell's. The plaintiffs requested damages for loss of support which the decedent had been providing them.

On September 12, 1985, section 6—21 of the Liquor Control Act of 1934 was amended through insertion of the following paragraph:

"Nothing in this Act shall be construed to confer a cause of action for injuries to the person or property of the intoxicated person himself, nor shall anything in this Act be construed to confer a cause of action for loss of means of support on the intoxicated person himself or on any person claiming to be supported by such intoxicated person." (Ill. Rev. Stat. 1985, ch. 43, par. 135.)

Parcell's filed a motion to dismiss plaintiffs' first-amended complaint on January 21, 1986, and the circuit court allowed this motion per an order entered May 29, 1986. The stated basis for the court's decision was that the September 12, 1985, amendment to the Liquor Control Act of 1934 retroactively barred the plaintiffs' cause of action against Parcell's, which the court deemed a statutorily created special remedy. The court also noted that nothing had occurred which would have caused the plaintiffs' rights with regard to their asserted cause of action against Parcell's to vest. The circuit court subsequently entered a finding that there was no just reason for delaying enforcement or appeal of its May 29, 1986, order (103 Ill. 2d R. 304(a)), and the plaintiffs perfected an appeal from that order.

In their briefs, the parties present extensive arguments concerning whether the September 12, 1985, amendment of section 6—21 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1985, ch. 43, par. 135) should be applied retroactively to bar plaintiffs' asserted cause of action against Parcell's. However, the same legislature which enacted the September 12, 1985, amendment enacted the following further amendment of section 6—21, which became effective September 12, 1986:

"In conformance with the rule of statutory construction enunciated in the general Illinois saving provision in Section 4 of 'AN ACT to revise the law in relation to the construction of the statutes', approved March 5, 1874, as amended, no amendment of this Section purporting to abolish or having the effect of

abolishing a cause of action shall be applied to invalidate a cause of action accruing before its effective date, irrespective of whether the amendment was passed before or after the effective date of this Amendatory Act of 1986." (Pub. Act. 84—1381, eff. Sept. 12, 1986, (amending Ill. Rev. Stat. 1985, ch. 43, par. 135); 8 Ill. Leg. Service 456 (West 1986).)

The legislative history relative to this amendment includes the following statement by Representative Countryman concerning its meaning:

"Because of the problems that we had last year with House Bill 737 and certain trial judges inadvertently construing that that abolished a cause of action because the Dram Shop Act is statutory in nature, this clarifies so there is no doubt that it was the intention of this Legislature at that time and it's the intention now with the Amendment of the Dram Shop Act not to abolish any cause of action that may have been effective prior to the effective date of this Bill. And with that, we have stated the intention of this Body with regard to House Bill 737 and with regard to Senate Bill 2165, not to abolish any cause of action that accrued prior to the effective date of this Act." 84th Ill. Gen. Assem., House Proceedings, June 19, 1986 at 135-36.

■■■ Where, as here, a statute is amended pending appeal of a case, the case must be decided in accordance with the terms of the most recent amendment, rather than the statute as it existed when the trial court rendered its decision. (*Rios v. Jones* (1976), 63 Ill. 2d 488, 348 N.E.2d 825.) The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent (*People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 285 N.E.2d 129, *cert. denied* (1972), 409 U.S. 1059, 34 L. Ed. 2d 511, 93 S. Ct. 562), and clear statutory language must be given effect without resort to other aids in construction (*People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674). Furthermore, it is proper to look to a subsequent amendment to ascertain the legislature's intent in enacting a statute (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 429 N.E.2d 492), especially where the amendment was enacted soon after controversies developed concerning interpretation of the original version of the statute (*People v. Rink* (1983), 97 Ill. 2d 533, 455 N.E.2d 64).

■■ We are unquestionably obliged to decide this appeal in accordance with the terms of the September 12, 1986, amendment of section 6—21. The language of that amendment clearly establishes a legislative intent that the September 12, 1985, amendment of section 6—21

does not bar dramshop actions for loss of support by an intoxicated person with respect to which all of the events giving the plaintiff a right to sue occurred before September 12, 1985. The legislative history of the September 12, 1986, amendment reinforces this conclusion.

Parcell's does not dispute that all of the events on which plaintiffs' claims against it are premised occurred prior to September 12, 1985. We therefore reverse the circuit court's order which dismissed the portion of plaintiffs' first-amended complaint directed to Parcell's and remand this cause to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded with directions.

GREEN and LUND, JJ., concur.