737 P.2d 93

**Jean DAWSON, Cynthia Shrock, Lisa Dawson, Carolyn Doolin and Debra Welke, Plaintiffs-Appellants,**

v.

**Carla WILHEIT, Paul McCaw, City of Farmington, Kennedy, Inc. and John Doe, Defendants-Appellees.**

No. 8897.

Court of Appeals of New Mexico.

April 14, 1987.

Marvin Baggett, Farmington, for plaintiffs-appellants.

David F. Cunningham, Sumner S. Koch, White, Koch, Kelly & McCarthy, P.A., Santa Fe, for defendants-appellees Carla Wilheit, Paul McCaw and City of Farmington.

Timothy R. Briggs, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendants-appellees Kennedy, Inc. and John Doe.

## OPINION

BIVINS, Judge.

Plaintiffs, the mother and sisters of David Dawson (decedent), brought this action seeking compensatory, as well as punitive, damages based on alleged negligent infliction of emotional distress. They appeal from an order dismissing their complaint for failure to state a claim. We affirm.

Since defendants' Rule 12(b)(6) motions challenge the sufficiency of the statement of the claim for relief, not the facts that may support it, we accept as true all the facts that are pled. NMSA 1978, Civ.P. Rule 12(b)(6) (Repl.Pamp.1980); *McCasland v. Prather*, 92 N.M. 192, 585 P.2d 336 (Ct.App.1978). The allegations of the complaint state that on or about November 20, 1983, Robert Nelson, assisted by another man, killed decedent and placed decedent's body in the trunk of Nelson's vehicle. Shortly thereafter, defendants Wilheit and McCaw, police officers with the Farmington Police Department, arrested Nelson for DWI and arranged for defendant Kennedy, Inc., a wrecker service, to tow Nelson's vehicle to its storage yard.

The complaint also alleges that, at the time, the police department's policy required the wrecker operator and a police officer to inventory jointly the contents of an impounded vehicle, a policy of which defendant Kennedy, Inc. and its driver were aware. The officers and the wrecker driver failed to inventory Nelson's vehicle and several days later, after his release, Nelson reclaimed his vehicle and took decedent's body to a remote area where it was discovered six months later. Plaintiffs further allege that when they had not seen or heard from their relative, they attempted to find him, their efforts becoming more desperate as time passed. Plaintiffs claim that but for defendants' failure to inventory the vehicle, they would have been spared the emotional distress and mental anguish during the six-month period decedent was missing.

■ New Mexico recognizes a cause of action for negligent infliction of emotional distress to bystanders. *Ramirez v. Armstrong*, 100 N.M. 538, 673 P.2d 822 (1983). In *Ramirez*, the supreme court adopted the following standards to apply in actions for negligent infliction of emotional distress to bystanders:

1. There must be a marital, or intimate familial relationship between the victim and the plaintiff, limited to husband and wife, parent and child, grandparent and grandchild, brother and sister and to those persons who occupy a legitimate position in loco parentis;

2. The shock to the plaintiff must be severe, and result from a direct emotional impact upon the plaintiff caused by the contemporaneous sensory perception of the accident, as contrasted with learning of the accident by means other than contemporaneous sensory perception, or by learning of the accident after its occurrence;

3. There must be some physical manifestation of, or physical injury to the plaintiff resulting from the emotional injury;

4. The accident must result in physical injury or death to the victim.

*Id.* at 541–542, 673 P.2d at 825–826 (footnote omitted). While plaintiffs' complaint meets the first criteria, it cannot satisfy the remaining three. Thus, their claim must fail. Plaintiffs attempt to distinguish *Ramirez* on the basis that that case dealt only with bystander recovery. The fact that plaintiffs were not bystanders serves only to further remove their situation from the criteria necessary to state a cause of action. In *Ramirez*, we note that one of the victim's children, who was not present when the accident occurred, had no cause of action under the theory of negligent infliction of emotional distress.

Additionally, under the allegations of their complaint, plaintiffs cannot establish the necessary elements of a cause of action in negligence, which, as the *Ramirez* court points out, are still required. *Lopez v. Maez*, 98 N.M. 625, 651 P.2d 1269 (1982),

sets out the elements necessary to prove an action in negligence:

1. A *duty* or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

2. A failure on his part to conform to the standard required. * * *

3. A reasonable close causal connection between the conduct and the resulting injury. [Proximate cause]

4. Actual loss or damage resulting to the interests of another.

*Id.* at 630, 651 P.2d at 1274 (emphasis in original). We need only examine the element of duty or obligation.

■ Plaintiffs seek to create a duty out of a departmental policy for inventorying impounded vehicles. In quoting from a leading authority, the supreme court, in *Ramirez*, said, "Dean Prosser defines duty, in negligence cases, as 'an obligation to which the law will give recognition and effect, to conform to a particular standard of conduct toward another.' W. Prosser, The Law of Torts § 53 (4th ed. 1971)." *Id.*, 100 N.M. at 541, 673 P.2d at 825. A departmental policy designed apparently to safeguard the arresting officers, the police department and the wrecker service and its employees from claims does not equate with an obligation to which the law will give effect for the protection of persons such as plaintiffs.

"[N]egligence encompasses the concepts of foreseeability of harm to the person injured and of a duty of care toward that person." *Ramirez v. Armstrong*, 100 N.M. at 541, 673 P.2d at 825. Having impounded Nelson's vehicle following a DWI arrest, we fail to understand how the police, unaware of the killing, could be expected to search for a dead body or to foresee that their failure to do so would inflict suffering in others.

Finally, plaintiffs rely on cases such as *Barela v. Frank A. Hubbell Co.*, 67 N.M. 319, 355 P.2d 133 (1960) and *Infield v. Cope*, 58 N.M. 308, 270 P.2d 716 (1954), which recognize a quasi-property right in a dead body vesting in the nearest relatives,

and also a right to maintain an action to recover damages for any outrage, indignity or injury to the body of a deceased. These cases are inapposite. They deal with situations where a person actually handles a dead body, such as undertakers (*Infield*) or comes into actual possession of a dead body (*Barela*). There is no allegation in plaintiffs' complaint that defendants actually handled the dead body or, for that matter, were even aware that it was in the impounded vehicle.

We affirm.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.