WAYNE MATTER, as Adm'r of the Estate of Violet Louise Smith, Plaintiff-Appellant, v. CHESTER SEDAM *et al.*, Defendants-Appellees.

Third District No. 3—89—0088

Opinion filed December 8, 1989.

Gregory J. McHugh, of Appleton & McHugh, of Aledo, for appellant.

Thomas L. Kilbride, of Klockau, McCarthy, Ellison & Marquis, P.C., of Rock Island, for appellees.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Wayne Matter, acting as administrator of the estate of Violet Louise Smith, filed a dramshop action (Ill. Rev. Stat. 1987, ch. 43, par. 135) against the defendants, Chester Sedam, Resa Sedam, Josephine Hentges, and Mathias Hentges. The trial court dismissed the complaint, finding that it failed to state a cause of action. The plaintiff appeals the dismissal.

The plaintiff's complaint alleged that on January 14, 1988, the defendants had sold intoxicating liquor to the decedent, Violet Louise Smith. The complaint further alleged that as a result of her intoxication, the decedent was involved in a fatal car accident. The complaint sought compensation for the decedent's funeral expenses and the loss of her automobile.

The defendants filed a motion to dismiss for failure to state a cause of action. The motion alleged that the Dramshop Act (Ill. Rev. Stat. 1987, ch. 43, par. 135) did not confer a cause of action for injury to the intoxicated person's property. The motion further alleged that since the decedent would have been barred from recovering, her estate was barred as well. The trial court granted the motion and dismissed the complaint.

The plaintiff argues on appeal that the trial court erred in dismissing his complaint. He contends that the Dramshop Act confers to an estate the right to recover for injury to the decedent's property, even if the decedent was the intoxicated person.

We disagree. In 1985 the Dramshop Act was amended to eliminate the intoxicated person's right to recover for injury to his property. (*Seibring v. Parcell's, Inc.* (1987), 151 Ill. App. 3d 1003, 503 N.E.2d 1126.) The plaintiff, as the administrator of the decedent's estate, stands in the shoes of the decedent and acquires the same interest in the property as the decedent had. (*Ilg v. Continental Illinois National Bank & Trust Co.* (1968), 94 Ill. App. 2d 143, 236 N.E.2d 316.) Since the decedent would have been barred from recovering for the loss of her property, the plaintiff is barred as well. We therefore find that the trial court did not err in dismissing the complaint.

The judgment of the circuit court of Mercer County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.