859 P.2d 469 (1993)
116 N.M. 1
Monica E. DUNN, Personal Representative of the Estate of Patrick A. Cortez, Deceased, Plaintiff-Appellant,
v.
STATE of New Mexico, ex rel. TAXATION & REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, an agency of the State of New Mexico, and Frank A. Mulholland, Director, Motor Vehicle Division, Defendants-Appellees.
No. 13456.
Court of Appeals of New Mexico.
May 4, 1993.
*470 Victor A. Titus, Titus & Gurley, Farmington, for plaintiff-appellant.
Robin D. Strother, Tansey, Rosebrough, Gerding & Strother, P.C., Farmington, for defendants-appellees.

OPINION
DONNELLY, Judge.
Plaintiff, the Personal Representative of the Estate of Patrick A. Cortez, Deceased, appeals from an order dismissing her complaint against the State of New Mexico and Frank A. Mulholland, the former Director of the Motor Vehicle Division of the Taxation and Revenue Department. We discuss: (1) whether the district court erred in ruling that Defendants were immune from liability under the New Mexico Tort Claims Act, NMSA 1978, Sections 41-4-1 to -27 (Repl.Pamp. 1989 & Cum.Supp. 1992); and (2) whether the district court erred in dismissing Plaintiff's claim under 42 U.S.C. Section 1983 (1988). We affirm the order of the district court.

FACTS
On May 10, 1988, after stopping his motorcycle at a traffic signal on a street in Farmington, Cortez was struck from behind by another vehicle. He later died from injuries received from the accident. Victoria Tsosie (Tsosie), the driver of the vehicle which struck Cortez, was uninsured, her driver's license had been suspended, and Plaintiff's complaint alleged that Tsosie was "intoxicated" at the time of the accident. Plaintiff also alleged that approximately two months prior to the accident, Tsosie had purchased the vehicle involved in the accident and that the Motor Vehicle Division of the State of New Mexico *471 processed the registration and licensing of the vehicle to Tsosie during the time that her driver's license was suspended and without requiring proof that she had obtained insurance or met financial responsibility requirements.
Plaintiff's complaint sought recovery against the State and Mulholland, individually, for the wrongful death of the decedent, based upon two theories: (1) that Defendants were liable under the New Mexico Tort Claims Act; and (2) that Defendants were liable for violating the decedent's civil rights under 42 U.S.C. Section 1983. The complaint alleged, among other things, that the Division, the director, and the agents, servants, and employees of the Division breached a statutory duty in issuing to Tsosie, an unlicensed and uninsured driver, a current registration and license plates for a vehicle purchased by her; that Mulholland, as Director of the Division, failed to formulate and implement procedures to enforce the provisions of the Motor Vehicle Code; and that the negligence of Defendants was a proximate cause of the decedent's death.
Defendants filed a motion to dismiss or, alternatively, for summary judgment. Following a hearing, the district court dismissed each of Plaintiff's claims.

DISCUSSION

1. Standard of Review

The order of dismissal did not expressly indicate the basis for the court's ruling. Because the court considered the affidavit of Mulholland, together with the pleadings, we review the order dismissing Plaintiff's claims as an award of summary judgment. See SCRA 1986, 1-012(B) (Repl. 1992); Boyd v. Permian Servicing Co., 113 N.M. 321, 322, 825 P.2d 611, 612 (1992) (where matters outside the pleadings are considered, motion should be analyzed as motion for summary judgment); see also Lopez v. Ski Apache Resort, 114 N.M. 202, 204-05, 836 P.2d 648, 650-51 (Ct.App.) (motion to dismiss reviewed as summary judgment where matters outside pleadings are presented), cert. denied, 113 N.M. 815, 833 P.2d 1181 (1992). "Summary judgment is appropriate if no genuine issue as to any material fact exists, so that the movant is entitled to judgment as a matter of law." Fleet Mortgage Corp. v. Schuster, 112 N.M. 48, 49, 811 P.2d 81, 82 (1991). In reviewing an appeal from an order granting summary judgment, this Court examines the whole record for evidence that places a material fact or facts at issue. Roth v. Thompson, 113 N.M. 331, 335, 825 P.2d 1241, 1245 (1992). Similarly, we view the matters presented in the light most favorable to support a trial on the merits. See Baca v. Velez, 114 N.M. 13, 15, 833 P.2d 1194, 1196 (Ct.App.), cert. denied, 114 N.M. 82, 835 P.2d 80 (1992). We address the issues raised on appeal in light of these principles.

2. Claim of Immunity

Section 41-4-4(A) of the State Tort Claims Act grants immunity from tort liability for government entities and public employees, except as waived in Sections 41-4-5 to -12. In pursuing her action against Defendants, Plaintiff asserts that immunity has been waived for purposes of the present case under Sections 41-4-11 (negligent maintenance of "bridge ... highway, roadway, [or] street") and 41-4-12 (liability of law enforcement officers acting in scope of their duties).
Counts I and III of Plaintiff's complaint sought to recover damages against both the State and Mulholland under the Tort Claims Act. At the hearing on Defendants' motion, Defendants argued that Plaintiff failed to comply with the notice provisions of the Tort Claims Act. During the hearing, Plaintiff's attorney acknowledged that he could not point to any facts indicating that the State had been given notice that a tort claim might be filed against the State, as required by Section 41-4-16(C). Thus, we conclude the district court's dismissal of Plaintiff's tort claims against the State was properly premised upon a lack of proper notice. See Smith v. State ex rel. New Mexico Dep't of Parks & Recreation, 106 N.M. 368, 371, 743 P.2d 124, 127 (Ct.App. 1987) (Tort Claims Act requires that notice must be given to the state indicating likelihood *472 that litigation may ensue as result of accident).
The defense of lack of proper notice, however, does not apply to Defendant Mulholland. See Dutton v. McKinley County Bd. of Comm'rs, 113 N.M. 51, 52-53, 822 P.2d 1134, 1135-36 (Ct.App. 1991) (written notice requirement of Section 41-4-16 does not apply to filing of tort claims against public employees); Frappier v. Mergler, 107 N.M. 61, 65, 752 P.2d 253, 257 (Ct.App. 1988) (notice requirement of Tort Claims Act inapplicable to public employees).
Mulholland argues, however, that he is immune from suit under the Tort Claims Act because, (1) as the Director of the Motor Vehicle Division, he was not a law enforcement officer within the contemplation of Section 41-4-12; and (2) that the alleged acts and omissions, which constitute the basis for Plaintiff's tort claims, do not come within the ambit of Section 41-4-11 waiving immunity for the negligent maintenance of highways, roadways, and streets. We agree that Mulholland, acting in his capacity as Director of the Motor Vehicle Division, is not a law enforcement officer within the meaning of Section 41-4-12, and that the acts and omissions alleged herein do not come within the definition of "maintenance" of a public highway.
The term "law enforcement officer," as defined in Section 41-4-3(D) of the Tort Claims Act, includes "any full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes." (Emphasis added.) Under the Motor Vehicle Code, NMSA 1978, Section 66-2-12(A)(1)(2) (Repl.Pamp. 1989), the Director of the Motor Vehicle Division and other officers designated by him, are invested with the power to act as "peace officers for the purpose of enforcing the provisions of the Motor Vehicle Code [and] to make arrests upon view and without warrant for any violation ... of the ... Code[.]" (Emphasis added.)
The affidavit submitted by Mulholland in support of his motion for summary judgment stated, however, that as Director of the Motor Vehicle Division, his principal duties "and the vast majority of my time and effort are involved in administrative matters," not in acting as a law enforcement officer. Plaintiff did not submit any opposing affidavit. In State v. Tabaha, 103 N.M. 789, 790-91, 714 P.2d 1010, 1011-12 (Ct.App. 1986), this Court discussed the distinction between a statute investing an officer with the "power" to make an arrest or preserve the public peace, and those officials who are charged with a "duty" to make arrests and enforce criminal statutes. Although Mulholland was invested with the power to act as a peace officer for purposes of enforcing the Motor Vehicle Code and making arrests in his capacity as Director of the Motor Vehicle Division during the applicable time period herein, as shown by his affidavit, his duties involved principally administrative matters and he did not serve as a full-time law enforcement officer "whose principal duties" involved holding "in custody [persons] accused of a criminal offense, [or] ... maintain[ing] public order or ... [making] arrests for crimes." Section 41-4-3(D). Thus, we conclude that Plaintiff has failed to rebut the matters set forth in the affidavit and the district court properly determined that Mulholland was not a law enforcement officer within the contemplation of Section 41-4-12.
We next examine whether Mulholland, in his capacity as a state officer, is subject to suit under the Tort Claims Act under Section 41-4-11, providing for a waiver of immunity for suit against the state and public employees "while acting within the scope of their duties in the maintenance of ... any ... highway, roadway, [or] street." Plaintiff's tort action, among other things, alleged that Mulholland, as Director of the Motor Vehicle Division, failed to formulate and implement procedures to enforce the provisions of the Mandatory Financial Responsibility Act, NMSA 1978, §§ 66-5-201 to -239 (Repl. Pamp. 1989), and failed to establish reasonable safeguards or to impose reasonable *473 guidelines to enforce provisions of the Motor Vehicle Code, thereby proximately causing the death of the decedent. In granting a waiver of immunity permitting the filing of tort actions against public employees arising out of the "negligent maintenance" of any "highway, roadway, [or] street," we discern nothing in the language of Section 41-4-11 which evidences a legislative intent to waive immunity for the type of acts and omissions alleged by Plaintiff against Mulholland in his capacity as Director of the Motor Vehicle Division.
Plaintiff alleged that employees and agents of the Division negligently permitted the registration and licensing of the vehicle, subsequently driven by Tsosie and which was involved in the accident, contrary to Section 66-5-206. The latter statute provides in applicable part:
A. The division shall not issue or renew the registration for any motor vehicle not covered by a motor vehicle liability policy or a certified motor vehicle liability policy or by evidence of financial responsibility currently valid meeting the requirements of the laws of New Mexico and of the director, unless specifically exempted from the Mandatory Financial Responsibility Act.
Plaintiff, relying upon Miller v. New Mexico Department of Transportation, 106 N.M. 253, 741 P.2d 1374 (1987), argues that the term "maintenance," as used in Section 41-4-11(A), should be interpreted to waive immunity from tort claims for the negligent acts or omissions of Mulholland. Plaintiff also points to decisions of courts in other jurisdictions recognizing the right of an injured party to bring an action against the state for negligently issuing a license to drive. See Oleszczuk v. State, 124 Ariz. 373, 377-78, 604 P.2d 637, 640-41 (1979) (in banc); First Ins. Co. v. International Harvester Co., 66 Haw. 185, 659 P.2d 64, 68-69 (1983); Alessi v. Allstate Ins. Co., 400 So.2d 1089, 1091 (La. Ct. App. 1981). We do not find the authorities relied upon by Plaintiff persuasive here because of the statutory differences in this state's Tort Claims Act.
In Miller our Supreme Court held that the term "`maintenance,'" as used in Section 41-4-11(A), means more than merely the physical care and upkeep of a roadway, that such term encompasses conduct or matters which are the subject of maintenance, and that the purpose of the waiver of immunity provision contained in Section 41-4-11(A) is "to ensure that highways are made and kept safe for the traveling public." Id., 106 N.M. at 255, 741 P.2d at 1376 (emphasis omitted).
We do not believe the decision in Miller, interpreting the waiver of immunity for negligent "maintenance" of state highways to permit suit against the state for the alleged negligent issuance of oversize vehicle permits for travel on a state highway, may be extended under the facts of the instant case to apply to the acts of Mulholland in his capacity as Director of the Motor Vehicle Division. Here, it is undisputed that, although the Division permitted registration and licensing of the vehicle in question, the Division had previously taken steps to suspend Tsosie's driver's license and her authority to operate a motor vehicle. Moreover, following the decision in Miller in 1991, the legislature amended Section 41-4-11(A) modifying the language of this statute. 1991 N.M. Laws, ch. 205, § 2. Opening the statute to the interpretation urged by Plaintiff would subject a state administrator to personal tort liability for the alleged negligent conduct of subordinate agents or employees, absent a showing of any direct involvement on the part of the administrator, and beyond the statutory purview of Section 41-4-11.
The 1991 legislature also amended the Tort Claims Act clarifying the definition of the term "maintenance," stating that such term does not include "conduct involved in the issuance of a permit, driver's license or other official authorization to use the roads or highways of the state." Section 41-4-3(E) (Cum.Supp. 1992) (emphasis added). This amendment of the waiver of immunity contained in Section 41-4-11 appears to be a direct response to the Court's decision in Miller. Adoption of statutory amendments is presumptive evidence *474 of a legislative intention to change existing law, including existing judicial interpretations of the original statute. State v. Bryant, 99 N.M. 149, 150, 655 P.2d 161, 162 (Ct.App. 1982); Seibring v. Parcell's, Inc., 151 Ill. App.3d 1003, 105 Ill.Dec. 120, 121, 503 N.E.2d 1126, 1127 (1987).
We conclude that the district court properly determined that the waiver of immunity contained in Section 41-4-11 did not apply to Plaintiff's tort claims against Mulholland and that expansion of the definition of "maintenance," as urged by Plaintiff, is contrary to the provisions of Section 41-4-11.

3. Civil Rights Claim

Plaintiff also asserts that the district court erred in dismissing her civil rights claim against Defendants under 42 U.S.C. Section 1983. She argues that in addition to her right to prosecute an action against Defendants under the Tort Claims Act, she is also entitled to pursue an action under 42 U.S.C. Section 1983 because the federal remedy is supplemental to the state remedy. Gallegos v. State, 107 N.M. 349, 352, 758 P.2d 299, 302 (Ct.App. 1987), cert. quashed, 107 N.M. 314, 757 P.2d 370 (1988). Although we agree that an action alleging a violation of 42 U.S.C. Section 1983 has been recognized as a valid remedy which may be brought in addition to an action in tort, see id., we affirm the order dismissing Plaintiff's claims under 42 U.S.C. Section 1983 in the instant case.
We first look to the propriety of the trial court's action dismissing Plaintiff's civil rights claim against the state. A claim against an agency of the state constitutes a suit against the state; the state is not a "person" within the contemplation of 42 U.S.C. Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989) (holding that state is not a person within the meaning of 42 U.S.C. Section 1983). Thus, Plaintiff cannot maintain an action for damages for violation of the decedent's federal constitutional rights under 42 U.S.C. Section 1983 against the State or its agency, the Motor Vehicle Division. Will, 491 U.S. at 64, 109 S.Ct. at 2308; see also Anderson v. Department of Revenue, 313 Or. 1, 828 P.2d 1001, 1004 (1992) (in banc).
We next examine whether the district court erred in dismissing Plaintiff's claim under 42 U.S.C. Section 1983 against Mulholland, acting in his capacity as Director of the Motor Vehicle Division. In order to establish a claim under 42 U.S.C. Section 1983, Plaintiff "must allege acts and omissions of Defendants that deprived him [or her] of a federal right." Vigil v. Martinez, 113 N.M. 714, 716, 832 P.2d 405, 407 (Ct.App. 1992). In the present case, Plaintiff, similar to Vigil, alleged that Mulholland, in his capacity as Director of the Motor Vehicle Division, violated the decedent's due process rights contrary to the United States Constitution.
Initially, we note that an action against a state official in his official capacity is in reality an action against the state agency he controls, and therefore barred. Faust v. Commonwealth, Dep't of Revenue, 140 Pa.Cmwlth. 389, 592 A.2d 835 (1991) (neither state nor officers acting in their official capacity are "persons" within meaning of 42 U.S.C. Section 1983), appeal denied, 530 Pa. 647, 607 A.2d 257 (1992). In Will the United States Supreme Court held that a state official who is sued under 42 U.S.C. Section 1983 in his official capacity as a state official is not a "person" within the meaning of the statute. The Court also noted:
In this case, petitioner named as defendant not only the Michigan Department of State Police but also the Director of State Police in his official capacity.
Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. Brandon v. Holt, 469 U.S. 464, 471, 83 L.Ed.2d 878, 105 S.Ct. 873 [877] (1985). As such, it is no different from a suit against the state itself. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166, 87 L.Ed.2d 114, 105 S.Ct. 3099 [3105] (1985); Monell [v. Department of Social *475 Servs., 436 U.S. 658], at 690, n. 55, 56 L.Ed.2d 611, 98 S.Ct. 2018 [at 2035, n. 55] [1978]. We see no reason to adopt a different rule in the present context... .
Will, 491 U.S. at 70-71, 109 S.Ct. at 2311.
Examination of Plaintiff's civil rights claim against Mulholland indicates that the district court properly granted summary judgment on this count. Plaintiff's allegation that Mulholland violated the decedent's civil rights is premised on a claim that he was negligent or grossly negligent in failing "to formulate and implement procedures to enforce the provisions of the Mandatory Financial Responsibility Act," thereby proximately causing the decedent's death. Mulholland's affidavit denied any purposeful action or intent to violate the decedent's constitutional rights. Id; see also Russel G. Donaldson, Annotation, Vicarious Liability of Superior Under 42 USCS § 1983 for Subordinate's Acts in Deprivation of Civil Rights, 51 A.L.R.Fed. 285, § 3, at 291 (1981). Plaintiff failed to file a responsive affidavit controverting Mulholland's motion for summary judgment. Once the moving party has made a prima facie showing of entitlement to a summary judgment, the burden shifts to the opposing party to introduce admissible evidence to show there is a genuine issue of material fact. Peck v. Title USA Ins. Corp., 108 N.M. 30, 32, 766 P.2d 290, 292 (1988); Dutton, 113 N.M. at 52-53, 822 P.2d at 1135-36.
Mulholland's affidavit in support of his motion for summary judgment also stated that in his capacity as Director of the Motor Vehicle Division he was not aware that any practices and procedures employed by the Division violated any "right or privilege" of Plaintiff, and that he acted "in the belief that [his] actions ... [were] proper and [did not violate] the constitutional rights of any citizen." Thus, Plaintiff was required to come forward and show the existence of material disputed facts controverting this issue. Id. Vicarious liability has generally been rejected as a basis for imposing liability upon a supervisor under 42 U.S.C. Section 1983, absent a showing that the defendant occupied a supervisory position, and that through his or her acts or omissions violated an individual's civil rights. See Duckworth v. Franzen, 780 F.2d 645, 650 (7th Cir.1985) (state officers may be held only for their alleged individual wrongdoing; Section 1983 does not encompass doctrine of respondeat superior), cert. denied, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986); George v. McIntosh-Wilson, 582 So.2d 1058, 1061 (Ala. 1991) (state official subject to suit in individual capacity only upon showing that official's actions amounted to deliberate indifference to his official duties and official violated clearly established statutory or constitutional rights of which reasonable person would have known); see also Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) (Due Process Clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property); Gallegos, 107 N.M. at 352, 758 P.2d at 302.
In Gallegos this Court noted the well-settled rule that liability under 42 U.S.C. Section 1983 cannot be based solely upon an assertion of respondeat superior and, instead, a plaintiff must show "some direct personal involvement" by the defendants in the violation of a plaintiff's rights. Id., 107 N.M. at 353, 758 P.2d at 303. Moreover, a showing of negligent conduct is insufficient to establish a violation under 42 U.S.C. Section 1983. Id.; see also Rivera v. King, 108 N.M. 5, 8, 765 P.2d 1187, 1190 (Ct.App.), cert. denied, 107 N.M. 785, 765 P.2d 758 (1988).
In sum, we conclude that Plaintiff failed to rebut Mulholland's denial of an intent to violate the decedent's constitutional rights or come forward and show the existence of material disputed facts indicating that Mulholland recklessly disregarded the rights of the decedent or exhibited a deliberate indifference to the rights of the decedent. See Gallegos, 107 N.M. at 352, 758 P.2d at 302.
Since we conclude that Plaintiff failed to overcome the State's claim of lack of notice, or to rebut the matters set forth in Mulholland's affidavit, we need not address Plaintiff's claim of proximate cause.

*476 CONCLUSION

We affirm the decision of the district court dismissing Plaintiff's claims against Defendants herein.
IT IS SO ORDERED.
CHAVEZ and BLACK, JJ., concur.