**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROGER D. BOYDSTON and SANDIE
J. BOYDSTON, doing business as JTB
Title and Registration Services,
formerly known as JTB Auto Sales,

          Plaintiffs-Appellants,

v.

NEW MEXICO TAXATION AND
REVENUE DEPARTMENT; MOTOR
VEHICLE DIVISION; JOHN J.
CHAVEZ, in his individual capacity
and official capacity as Secretary of
New Mexico Taxation and Revenue
Department; GARY A. MONTOYA,
in his individual capacity and official
capacity as Director of the Motor
Vehicle Division of the New Mexico
Taxation and Revenue Department;
CHARLES DANIELS, in his
individual capacity and official
capacity as Senior Investigator of
the Motor Vehicle Division of the
New Mexico Taxation and Revenue
Department,

          Defendants-Appellees.

No. 96-2234
(D.C. No. CIV 96-1118-M)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appeal the district court's entry of summary judgment in defendants' favor on their claims that defendants violated their federal and state rights when terminating their employment by the State of New Mexico. We affirm.

Plaintiffs entered into two written contracts, the "agent contract" and the "inspector contract," with the Director of the New Mexico Motor Vehicle Division of the Taxation and Revenue Department, whereby they were authorized to perform specified services relative to motor vehicle registration, licensing, and inspection. A third contract, the "data access agreement," granted plaintiffs access to computerized motor vehicle records to carry out their duties under the other two contracts. Following an investigation of plaintiffs' allegedly improper automobile licensing practices, defendants notified plaintiffs on July 24, 1995, that the agent contract and inspector contract were terminated. Defendants also

informed the computer database operator not to permit plaintiffs to use the database. A few days later, following plaintiffs' application for a temporary restraining order, the parties stipulated to continue all three contracts. Consequently, plaintiffs continued to operate their business under the same terms as those provided in the contracts until the district court entered summary judgment for defendants on August 25, 1996.

On appeal, plaintiffs assert that the district court erred in (1) denying their constitutional due process claims on the grounds that they did not have a property interest or a liberty interest in continuing the contractual relationship with defendants; (2) holding that defendants did not breach the contracts; and (3) finding that sovereign immunity was not waived under the New Mexico Tort Claims Act. Plaintiffs also claim that they are entitled to declaratory relief. Defendants request an award of attorneys' fees on appeal.

We review de novo the district court's decision to grant summary judgment pursuant to Fed. R. Civ. P. 56(c). See Watson v. University of Utah Med. Ctr., 75 F.3d 569, 574 (10th Cir. 1996). We consider the record in the light most favorable to the party opposing summary judgment. See id. Summary judgment is appropriate where there are no genuinely disputed issues of material fact and one party is entitled to judgment as a matter of law. See id.

Constitutional Property and Liberty Interests

We first address plaintiffs' claim that they had a protected property interest in their continued contractual employment relationship with defendants, entitling them to substantive and procedural due process protections. The Fourteenth Amendment safeguards interests that a person has acquired in specific benefits as defined by state law. See Board of Regents v. Roth, 408 U.S. 564, 576-77 (1972). To have a property interest in continued employment, a person must have "a legitimate claim of entitlement to it." Id. at 577; accord Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991) ("Under New Mexico law, a public employee has a protected property interest only if he has an express or implied right to continued employment.").

Plaintiffs argue that they were entitled to continue to work pursuant to the contracts unless the contracts were terminated for good cause. They allege defendants terminated the contracts without cause, thereby implicating plaintiffs' due process rights.

Plaintiffs rely on language in the contracts and N.M. Stat. Ann. § 66-2-14, which states that "[t]he [Motor Vehicle Division of Taxation and Revenue Department] may terminate the designation of any agent for failure of the agent to perform to the secretary's satisfaction the agent's duties by notifying the agent of the termination." The agent contract provides that "[e]ither party hereto may terminate this agreement at any time, with or without cause, by giving thirty (30)

-4-

days written notice to the other party." Appellants' App. at 146. It is undisputed that defendants gave thirty days' written notice of cancellation of the agent contract.

The inspector contract states, "Inspector Agent [plaintiffs] may terminate this agreement at any time, with or without cause, by giving 30 day[s'] notice to the Division. The Division may terminate without notice." Id. at 261. Plaintiffs argue that the inspector contract permits only them, not defendants, to terminate "with or without cause," thereby requiring cause for defendants to terminate it. We reject such a tortured interpretation, and conclude that the defendants were not required to show cause for terminating the inspector contract.

The data access agreement provides for cancellation in the event of a breach for good cause shown. See id. at 165-68. Construing the contracts together, as plaintiffs request, we recognize that the purpose of the data access agreement was to implement the other two contracts. Therefore, when the agent contract and the inspector contract were canceled, it was appropriate to deny plaintiffs access to the computer data.

We construe the contracts according to their terms, and conclude that the Division was not required to show cause to terminate the contracts. Consequently, plaintiffs do not have a constitutional property interest in their continued contractual employment relationship with defendants.

We next consider plaintiffs' claim that the defendants deprived them of their liberty interest without due process of law. They allege that defendants damaged their reputation when they falsely stated that they forged documents and submitted false information to the Motor Vehicle Division.

"When a public employer takes action to terminate an employee based upon a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's freedom to take advantage of future employment opportunities, a claim for relief is created." Melton v. City of Okla. City, 928 F.2d 920, 927 (10th Cir. 1991) (en banc). To support the cause of action, the statements "must impugn the good name, reputation, honor, or integrity of the employee," and they must be false. Workman v. Jordan, 32 F.3d 475, 481 (10th Cir. 1994). The statements must also be made during the procedure to terminate the employee or must foreclose other opportunities for employment. See id. In addition, the statements must be published. See id.

Plaintiffs assert that defendants published false and defamatory statements when they informed members of the public that plaintiffs had forged official documents. To support their position, plaintiffs rely on their own statements of what others told them. That evidence is insufficient because "hearsay testimony that would be inadmissible at trial may not be included in an affidavit to defeat

summary judgment." Thomas v. International Bus. Mach., 48 F.3d 478, 485 (10th Cir. 1995). To the extent plaintiffs rely on defendants' directive to the computer database operator to deny them access to the computer database, plaintiffs do not identify any false statement made to him. Plaintiffs also suggest that the Motor Vehicle Division file containing false charges against them may be available to the public. Those claims are too speculative to resist summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (evidence that is "merely colorable" or "not significantly probative" will not prevent summary judgment). Accordingly, we hold that plaintiffs' failure to establish the necessary element of publication forecloses their liberty interest claim.

Because we conclude plaintiffs failed to establish a property or liberty interest, we need not address whether defendants were entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (in qualified immunity inquiry, plaintiff must demonstrate that government official violated a clearly established constitutional right of which a reasonable person would have known).

State Law Claims - Breach of Contract and Tort

Plaintiffs assert that defendants breached the contracts when they terminated them without cause. For the reasons stated above in the discussion of

plaintiffs' property interest claim, we conclude that defendants were not required to have cause to terminate the contracts. Therefore, the district court correctly granted summary judgment on the breach of contract claim. [1]

Plaintiffs also argue that defendant Daniels, the Motor Vehicle Division official who investigated plaintiffs' participation in forging an automobile title, is liable in tort. Generally, a public employee acting within the scope of his duties is granted immunity from tort liability. See N.M. Stat. Ann. § 41-4-4(A). N.M. Stat. Ann. § 41-4-12 permits suit against a "law enforcement officer," as defined by N.M. Stat. Ann. § 41-4-3(D) (principal duties include "to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes"). N.M. Stat. Ann. § 66-2-12(A)(1)-(2) provides that officers designated by the Director of the Motor Vehicle Division have the power to act as "peace officers for the purpose of enforcing the provisions of the [code and] to make arrests upon view and without warrant for any violation [of the code]." Therefore, plaintiffs argue, defendant Daniels falls within the definition of a "law enforcement officer" whose immunity from suit is waived under the Tort Claims Act.

---

[1]     Plaintiffs' declaratory judgment claim is moot in light of the construction of the contracts determining that they did not have a constitutional property interest and that the contracts could be terminated without cause.

In his deposition, defendant Daniels stated that his duty was to investigate. Plaintiffs did not rebut that deposition. Accordingly, we conclude that defendant Daniels was not acting as a full-time law enforcement officer, as contemplated by section 41-4-3(D), and his immunity from suit was not waived. See Dunn v. New Mexico ex rel. Taxation & Revenue Dep't, 859 P.2d 469, 472 (N.M. Ct. App. 1993).

### Defendants' Request for Attorneys' Fees on Appeal

Defendants have requested an award of costs and attorneys' fees on appeal, pursuant to 42 U.S.C. § 1988, which permits such an award to the prevailing party. Defendants have proffered no reason for this court to exercise its discretion to award attorneys' fees on appeal to defendants. See Hoyt v. Robson Companies, Inc., 11 F.3d 983, 985 (10th Cir. 1993) ("'prevailing party' is not automatically entitled to an award of appeal-related attorneys' fees;" appellate court exercises discretion in awarding attorneys' fees on appeal). The request for attorneys' fees is DENIED. With respect to costs on appeal, defendants may file with the clerk of this court a bill of costs in accordance with the rules. An award will be considered based on that bill and any objections by the plaintiffs thereto.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge